In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
John F. SCANLAN, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant-Appellant,

v.

John F. SCANLAN, Respondent-Respondent.

Supreme Court

*No. 2004AP1930–D. Decided August 19, 2008.*

2008 WI 116

(Also reported in 754 N.W.2d 844.)

¶ 1. PER CURIAM. We review a referee's report recommending that John F. Scanlan's license to practice law in Wisconsin be reinstated.

¶ 2. We adopt the referee's findings of fact and conclusions of law and conclude that Attorney Scanlan's license to practice law in Wisconsin should be reinstated upon the conditions recommended by the referee. We further direct Attorney Scanlan to pay the costs of the reinstatement proceeding, which total $6,212.07 as of June 17, 2008.

¶ 3. Attorney John Scanlan was admitted to practice in Illinois in 1992 and was admitted to practice in Wisconsin in 1997. For a number of years he conducted a solo practice in Door County. In 2002 he closed his Door County practice and moved to Chicago where he served as in-house counsel for an equipment leasing and credit company.

¶ 4. In a decision issued on May 5, 2006, this court suspended Attorney Scanlan's license for six months, effective June 7, 2006, as a result of misconduct that occurred during 2000 and 2002 with respect to his handling of nine client matters. *See In Re Disciplinary Proceedings Against Scanlan,* 2006 WI 38, 290 Wis. 2d 30, 712 N.W.2d 877. Attorney Scanlan was ordered to pay the cost of the proceeding and was ordered to make restitution to a client in the amount of $3,086.67 plus interest, and was also ordered to make restitution to the Wisconsin Lawyers' Fund for Client Protection in the amount of $2,000 plus interest.

¶ 5. On February 2, 2007, a reciprocal disciplinary action in Illinois resulted in the suspension of Attorney

Scanlan's Illinois law license until such time as his license to practice law is reinstated in Wisconsin.

¶ 6. Attorney Scanlan filed a petition for reinstatement of his Wisconsin law license on October 5, 2007. The Office of Lawyer Regulation (OLR) filed a response opposing Attorney Scanlan's reinstatement. Among other concerns raised in the OLR's response was whether Attorney Scanlan's current mental health status allowed him to practice law without posing a danger to the public and the profession.

¶ 7. John R. Decker was appointed referee. A hearing on the reinstatement petition was held on March 18, 2008. The referee filed his report on May 29, 2008, recommending that Attorney Scanlan's petition for reinstatement of his Wisconsin law license be granted, subject to various conditions.

¶ 8. The referee found that Attorney Scanlan has not practiced law in Wisconsin during the period of his suspension; that he has fully paid restitution to his former client and has also paid the Wisconsin Lawyers' Fund for Client Protection; and that he has reached an agreement with the OLR as to a payment plan for the costs of the disciplinary proceeding. The referee also found that Attorney Scanlan has maintained competence and learning in the law during his suspension and that his conduct during the suspension has been exemplary and above reproach. The referee found that Attorney Scanlan has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with those standards. The referee found that Attorney Scanlan can safely be recommended to the legal profession, the courts, and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and, in general, to aid

in the administration of justice as a member of the bar and an officer of the courts.

¶ 9. The referee also found that Attorney Scanlan has fully complied with the requirements of SCR 22.26 as they pertain to the unique circumstances of this case. The referee noted that the OLR expressed concern that Attorney Scanlan failed to file an affidavit showing compliance with the notification requirements of SCR 22.26, but conceded that his failure to do so under the circumstances presented here did not appear to be a significant impediment to reinstatement.

¶ 10. The referee specifically found that Attorney Scanlan had no law practice in Wisconsin on the effective date of the suspension of his Wisconsin license; he last represented a client in Wisconsin in 2005; at the time of his Wisconsin suspension, he was not representing any Wisconsin clients; he wound up his Wisconsin law practice long before the time of his Wisconsin suspension; he has not practiced law anywhere since the suspension of his Illinois license; before the effective date of his Illinois license suspension, he advised his sole client of the suspension; and before the effective date of his Illinois suspension, he caused all opposing counsel and courts in which he appeared as counsel of record to be informed of his suspension and withdrew as counsel of record in all such matters.

¶ 11. The referee noted that Attorney Scanlan has explained that his desire is to resume the practice of law in his home state of Illinois and reinstatement of his Wisconsin license is needed to achieve the Illinois reinstatement. The referee pointed out when Attorney Scanlan and his wife divorced in 2001–2002, Attorney Scanlan's ex-wife relocated to the Chicago area to secure employment. In order to facilitate visitation and

custody of the parties' four children, Attorney Scanlan and the children also relocated to the Chicago area.

¶ 12. The referee concluded that Attorney Scanlan has established all of the necessary elements of his petition for reinstatement by clear, satisfactory, and convincing evidence. Consequently, the referee recommended that Attorney Scanlan's license to practice law in Wisconsin be reinstated, subject to the conditions set forth in this court's May 5, 2006, decision, which were that his trust account practices and medications be monitored quarterly to the satisfaction of the OLR for a period of one year from the effective date of reinstatement. The referee also recommended an additional precondition to readmission, which is that Attorney Scanlan submit the report of a treating psychiatrist or psychologist offering the opinion that it is safe and appropriate for Attorney Scanlan to resume the practice of law at the time of readmission, and setting forth with specificity the regimen of counseling, treatment, and/or medication which he reasonably needs to follow.

¶ 13. The referee commented that Attorney Scanlan is extremely intelligent and articulate and that the only reservation expressed by those attorneys who recommended his reinstatement related to his medical condition. The referee said the record established that Attorney Scanlan's mental health issues can successfully be treated and also showed that the emotional crises of 2001 incident to the Scanlans' divorce have long since subsided.

¶ 14. The referee noted that during the reinstatement proceedings, a misunderstanding developed between the OLR and Attorney Scanlan's treating psychiatrist, Dr. Patricia Mueller. The referee said based on the OLR's unilateral interpretation of some of Dr. Mueller's notes, it argued at the reinstatement hearing

that Dr. Mueller's testimony at the prior disciplinary hearing was misleading. The referee granted leave to Attorney Scanlan to reopen the record to add a hand-written letter from Dr. Mueller in which she clarified certain points.

¶ 15. The referee said he was satisfied as to the foundation of Dr. Mueller's opinion that Attorney Scanlan can safely practice law. However, the referee recommended as a precondition to readmission the submission of a supplemental report to reconfirm Attorney Scanlan's health at the time of readmission and to clearly delineate the counseling, treatment, and/or medications which, in a treating health professional's opinion, are reasonably necessary. The referee said he recommended this in part to establish baseline information at the time of Attorney Scanlan's reinstatement and to reduce the potential for additional disagreements or misunderstandings as the OLR undertakes its charge to monitor his medications on a quarterly basis after readmission.

¶ 16. The referee also noted that the OLR opposed Attorney Scanlan's reinstatement on the ground of allegedly deficient job performance as in-house counsel in Illinois as he ceased his Wisconsin practice. The referee said the claimed deficiencies in Attorney Scanlan's performance related to attendance issues and work styles, and the referee said the inference he drew from the employment records was that there was a clash of personalities between Attorney Scanlan and his immediate supervisor and this colored the job performance evaluations accordingly. The referee said notwithstanding the claims made by the immediate supervisor, the company's senior management wanted to keep Attorney Scanlan in the company's employ.

¶ 17. The referee noted the OLR's final objection to Attorney Scanlan's reinstatement stemmed from its view that he was uncooperative with the OLR's investigation following the filing of his reinstatement petition. The referee noted that serious disagreements arose between the parties over dissemination of Attorney Scanlan's medical records and over access to a settlement agreement between Attorney Scanlan and his former Illinois employer which contained a bilateral confidentiality agreement. The referee noted that through a series of telephone conference calls between himself and the attorneys, these disagreements were resolved and OLR eventually conceded the validity of Attorney Scanlan's concerns as to confidentiality.

¶ 18. The Board of Bar Examiners submitted a memo on January 4, 2008, recommending Attorney Scanlan's reinstatement.

¶ 19. The OLR has not appealed the referee's report and recommendation.

The standards to be met for reinstatement of a law license are set forth in SCR 22.31(1).[1] The petitioner has

---

[1] SCR 22.31(1) provides:

The petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(a) That he or she has the moral character to practice law in Wisconsin.

(b) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(c) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to [(4m)] and 22.29(5), are substantiated.

(d) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

the burden of demonstrating "by clear, satisfactory, and convincing evidence" that the lawyer has the moral character to practice law, that the lawyer's resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that the lawyer has complied with SCR 22.26 and the terms of the suspension. In addition, SCR 22.29(4)[2] sets forth related requirements that a petition for reinstatement must show. All of these additional re-

[2] SCR 22.29(4) states:

The petition for reinstatement shall show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

quirements are effectively incorporated into SCR 22.31(1).

¶ 20. After review of the record, we agree with the referee that Attorney Scanlan has established by clear, satisfactory, and convincing evidence that he has satisfied all the criteria necessary for reinstatement. Accordingly, we adopt the referee's findings of fact and conclusions of law, and we accept the referee's recommendation to reinstate Attorney Scanlan's license to practice law in Wisconsin. We also find it appropriate to impose the conditions recommended by the referee, and we further direct Attorney Scanlan to pay the costs of the reinstatement proceedings.

¶ 21. IT IS ORDERED that the petition for reinstatement of the license of John F. Scanlan is granted, conditioned upon this court's receipt, within 30 days of the date of this order, of a supplemental report from a treating psychiatrist or psychologist offering the opinion that it is safe and appropriate for Attorney Scanlan to resume the practice of law and clearly delineating the counseling, treatment, and/or medications which, in the treating health professional's opinion, are reasonably necessary for Attorney Scanlan to continue the practice of law. The Office of Lawyer Regulation shall have 14 days from the date the supplemental report is filed to review the report and file any objection. If after 14 days, there is no objection filed by the Office of Lawyer Regulation to the supplemental report, the license of John F. Scanlan to practice law in Wisconsin shall be

(4m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct, including reimbursement to the Wisconsin lawyers' fund for client protection for all payments made from that fund, or, if not, the petitioner's explanation of the failure or inability to do so.

reinstated. The reinstatement will be effective 14 days from the date of the filing of the supplemental report.

¶ 22. IT IS FURTHER ORDERED that Attorney Scanlan's trust account practices and medications shall be monitored quarterly by the Office of Lawyer Regulation for a period of one year from the effective date of his reinstatement.

¶ 23. IT IS FURTHER ORDERED that within 60 days of the date of this order, John F. Scanlan shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of John F. Scanlan to practice law in Wisconsin shall be suspended until further order of the court.

¶ 24. All work on this opinion was completed on or before July 31, 2008, at a time when Justice Louis B. Butler, Jr., was a member of the court.

¶ 25. MICHAEL J. GABLEMAN, J., did not participate.